# 23-7501

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

---

CAMERON CATES,
Plaintiff-Appellant,

v.

JARED SCHLEMOVITZ, d/b/a JUNTO SOUNDS,
PROCTER & GAMBLE CORP., d/b/a FEBREEZE,
GREY GLOBAL GROUP LLC, WPP GROUP USA, INC.
Defendants-Appellees

---

On Appeal from the United States District Court
For the Northern District of New York
Case # 3:21-cv-0805
The Honorable Anne M. Nardacci, United States District Judge

---

Brief of Appellant Cameron Cates
On his own behalf.

290 Humphrey Road
South New Berlin  New York  13843
Tel: 607-334-2985

Page 1

## TABLE OF CONTENTS

Page(s)

Table of Contents........................................ 2

Table of Authorities.................................... 3

Statues & Rules......................................... 3

Statement of Subject Matter and Appellate Jurisdiction... 5

Statement of the Issues Presented for Review............ 5

Statement of the Case.................................. 6

Statement of the Facts................................. 8

Summary of the Argument................................ 9

Argument............................................... 10

Conclusion............................................. 13

Certificate of Compliance.............................. 14

Certificate of Service................................. 15

## TABLE OF AUTHORITIES

Arnstein v. Porter, 154 F.2d 464 (2nd Cir.1946)......... 12

Cates v Schlemovitz et al.,(N.D.N.Y.2021)3:21-cv-00805..4-12

Chatterton v. Cave,3 A.C.483,499-501.................... 12

Davis v. The Gap, Inc..246 F.3d 152 (2nd Cir.2001)...... 11

Feist, 499 U.S. at 363................................. 11

Fred Fisher Inc.v. Dillingham, 298 F. 145 (D.C.N.Y.1924). 12

Hirsch v. Paramount Pictures,
17F. Supp 816 (S.D.Cal. 1937).......................... 11

Robbins Music Corp.v, Alamo Music,
119 F. Supp. 29 (S.D.N.Y.1954)......................... 10

Sprague v. Vogt, 150 F.2d 795, 749, 801
(8th Cir.1945)......................................... 12

### STATUTES

UNITED STATES CONSTITUTION, ARTICLE I, SECTION 8......... 2

28 USC §§ 1331,1118(a),1391(b)(2)....................... 5
Title 17 U.S.Copyright Code §§ 101,102,501............. 4,12

### RULES

FEDERAL RULES OF APPELLATE PROCEDURE 3.(a)..............,5

## OTHER AUTHORITIES

U.S.COPYRIGHT OFFICE, COMPENDIUM OF U.S.COPYRIGHT OFFICE
PRACTICES (3d ed.2021)............................... 10,11

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

The subject matter of this case is Copyright Infringement; brought before the U.S. District Court of the Northern District of New York by Cameron Cates, acting on his own behalf.

It was filed on 07/15/2021 pursuant to title 17 U.S. Copyright Code §501. Under the jurisdiction of the N.D.N.Y. pursuant to 28 U.S.C. §§ 1331(Federal Question), 1338 (a) (Copyrights) and proper venue §1391 (b)(2).

This case was dismissed in its entirety by Order of the Honorable Anne M. Nardacci, District Court Judge on Sept.22, 2023, Albany, NY, Dkt. # 56 Case # 3:21-cv-00805-AMN-ML without Trial or Jury, on Motion from Defense for Failure to State a Claim.

Mr. Cates, the Plaintiff-Appellant, respectfully requests an Appeal by this second Circuit which has Jurisdiction over the Northern District of New York, (F.R.A.P., 3(a)).

### STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. My original work, "She Loves Her Job" was "created" and protected from the first moment I fixed it in copy.

2. Specific definitions contained in Title 17 of the United States Code Copyright Section 101, were overlooked.

3. I request an opportunity to be heard performing a brief rendition of my song. This has been denied me.

## STATEMENT OF THE CASE

This Case arose from circumstances of the COVID 19 pandemic
lockdowns of 2020 thru 2021.

Public performances, as well as other income generating
work vanished for myself and others.

Relief came in the form of NYS Unemployment Insurance
allowed by Congressional Law. I stayed home watching
television while being exposed to many TV commercial adver-
tisements.

In June of 2021, local venues were reopening, requesting
my service. While rehearsing my repertoire, I abruptly stopped at
measure 6 of my song "She Loves Her Job". I recognized the
exact same melody as the "Febreze" jingle.

Having researched the entities responsible, I
reached out with proof of my original Manuscript dated 1982
as well as my Copyright Registration PAu 484-226 from 1984.

Without constructive response from the Defendants I filed
my Complaint with Jury demand (Dkt.#2 N.D.N.Y.).

On 04/27/2022 The Honorable Lawrence E. Kahn Senior
District Court Judge signed a Memorandum-Decision and Order
granting Defendants Motion to Dismiss without prejudice and
with leave to amend (Dkt. #40 N.D.N.Y.) The issue of a Valid
Copyright was not considered by the Court because "Plaintiff
has failed to sufficiently allege actual copying,..."(Judge
Kahn Dkt. #40 N.D.N.Y.)

Judge Kahn concluded his Order with this suggested remedy: "Given Plaintiff's pro se status, he may file an amended complaint should he wish to plead facts showing either a chain of events that would have given Defendants access to his work, or that his work was widely disseminated." (Dkt.#40 N.D.N.Y.).

On 06/24/2022 my Amended Complaint with Jury Request was timely filed accompanied by a Compact Disk containing digital media as evidence of actual radio air play.(Dkt.#43,N.D.N.Y.).

Curiously, on 01/18/2023 (Dkt.#55, N.D.N.Y.), Chief Judge Brenda K. Sannes signed an ORDER REASSIGNING CASE to U.S. District Judge Anne M. Nardacci for all further proceedings. Senior Judge Lawrence E. Kahn no longer assigned to case.(Dkt.#55 N.D.N.Y.)

On 09/22/2023 (Dkt.#56 N.D.N.Y.) U.S. District Judge Anne M. Nardacci signs MEMORANDUM-DECISION AND ORDER granting Defendants Motion to Dismiss in its entirety and Orders the Amended Complaint dismissed with prejudice and without leave to amend.

JUDGEMENT (Dkt.#57, N.D.N.Y.) issued on September 22, 2023 by the Honorable Anne M. Nardacci, U.S. District Court Judge.

I filed a Motion to Appeal In Forma Pauperis on 10/19/2023 to the District Court(Dkt #60, N.D.N.Y.).

I filed Notice of Appeal as to Judge Nardacci's disposition timely on 10/19/2023 (Dkt.#61, N.D.N.Y.).

My Motion for permission to Appeal IFP (Dkt.#60) is

Denied without prejudice and with leave to renew by Judge

Anne. Nardacci on 11/17/2023 (Dkt.#64).

On 11/29/2023 I Mailed my Motion to the Second Circuit

Court of Appeals to proceed in forma pauperis (Dkt #23 2nd.

Cir.).

### STATEMENT OF THE FACTS

In Senior Judge Lawrence Kahn's Order (Dkt. #40, N.D.N.Y.), he

did not consider the issue of a valid copyright, writing,

"Thus, (f)or the purposes of this motion, the Court assumes

that (Plaintiff) owns a valid copyright.".

In my amended complaint (Dkt. #43, N.D.N.Y.), I focused

on pleading  the issues of access and wide dissemination. The

Compact Disk (Dkt.#43, Exhibit "C") contained a recording off

the radio of "She Loves Her Job" on WKCR-FM, Columbia

University Transfigured Night show hosted by Ned Sublette

including his comment "No One Can say that Cameron Cates

didn't put his heart into that Tape."

My focus on access and wide dissemination did move

the replacement District Judge Nardacci to write,

"When considered in the context of Plaintiff's other
allegations of dissemination, however, the allegations could
push Plaintiff's theory of widespread dissemination from
possible to plausible.
Ultimately, reading the Amended Complaint in the light most
favorable to the Plaintiff, it may be plausible that the
Composition was sufficiently widely disseminated throughout
the New York City metropolitan area that Defendants, including
Schlemovitz--who had been active in the music scene in New York
for a number of years during which the Composition was
broadcast to and performed for the public--and might have
turned such access into the alleged copy of the Subject Work.
See, e.g., Clonus Assocs. v. Dreamworks, LLC, 457 F. Supp. 2d
432, 441-42 (S.D.N.Y. 2006)("a work only needs to be 'readly

available on the market' for a party to establish wide diss-
emination")(quoting Silverstein, 424 F. Supp. 2d at 627-28).
As such, the Court assumes, without deciding, that the Subject
Work was sufficiently widely disseminated that Defendants may
have accessed it."(Dkt.#56 N.D.N.Y.).

Judge Anne Nardicci overlooks the prima facia evidence of

the original manuscript (Exhibit "A", Dkt.#43 N.D.N.Y.)writing

Memorandum-Decision and Order (Dkt.#56) at footnote # 10.

"In his Opposition, Plaintiff raises the new allegation that
the Subject Work appears in the Composition three times. Dkt.
No,51 at 8. "Because a plaintiff cannot raise allegations not
raised in its complaint in a brief in opposition to a motion
to dismiss, the Court does not take notice of theses
allegations".

Judge Nardacci goes on to write:

"--the Subject Work standing alone as a five-note
sequence without any distinctively original lyrics,
tempo,melody, tone, repetition, or cadence simply does not
present "protectable elements" necessary to advance
Plaintiff's putative infringement claim. See McDonald,138F.
Supp. 3d at 454 ("common rhythms, song structures, and
harmonic progressions are not protected" by copyright
law);..."

As a performing artist, I asked to perform my work as my

manuscript allows. (Dkt. #51, ORAL/AURAL ARGUMENT REQUESTED,

N.D.N.Y.).

Judge Nardicci states:

" The Court need not engage in an analysis of the
protectable and non-protectable elements of the works in
question because the Subject Work is a simple five-note
sequence, apart from the lyrics that accompany it in the
Composition, with no allegations of any original or novel use
of tempo, repetition, or cadence in its presentation in the
Composition.".

Judge Nardacci states in her "D". Leave to Amend:

"Here, further amendment would be futile because
Defendants' use of the five-note sequence from the copyrighted
Composition would still be de minimus. See, e.g.
Rudkowski,2018 WL 1801307, at*4."

### SUMMARY OF THE ARGUMENT

District Court Judge Anne Nardicci's reliance on listening to the compact disk evidence of Plaintiff's accessibility claim to make her de minimus Judgement, fails Copyright Law.

As a performing artist, I asked for the opportunity to present my written work as it allows me, as I live it, as I have honed my skills, performing the protected by law creation I fixed in manuscript.

### ARGUMENT

In Defendants' Preliminary Statement (Dkt.#26, N.D.N.Y.),

"... Febreze introduced a five-note mnemonic tagline (sound logo) into its advertisements. (the "Febreze Tagline"). To this day, various compositions for the brand's advertisements end with the signature "La, la, la, la, la" Febreze Tagline... This short musical phrase is not in and of itself protectable under copyright law as it consists of merely a few musical notes in a scale-like progression."

It is in this opening the Defendants have erred. The Compendium of U.S.Copyright Office Practices, Third Edition §503,1(B) cites §102(a) of the Copyright Act (The Law) Copyrightable Subject Matter to include "Musical Works". The Compendium provides a chart representative of examples that may be registered. In the chart's Category of Authorship, Musical Works, the Types of Works are: "Songs, song lyrics, symphonies, concertos, advertising jingles, and similar types of musical works.".

An outstanding example similar to this is Robbins Music Corp.v.Alamo Music, 119 F.Supp. 29 (S.D.N.Y. 1954). The famous four-note opening of Miklos Rozsa's film score for "The

Killers" 1946 was used in many musical formats. "The Dragnet theme", and later as the "Tums" commercial, "Tum, Ta, Tum, Tum".

In Court, the Defense motion to move the venue to California was dismissed and the Defense motion to dismiss for failure to state a claim was curtly dismissed in one sentence. After that both sides settled.

Continuing on the advertising issue similar to my claim is the case of Davis v. The Gap, Inc., 246 F.3d 152 (2nd Cir.2001).

The Circuit Court reversed the District Court's dismissal under the de minimis and fair use doctrines.

This was a visual advertisement "focus" issue the same as Febreze's audio "focus" mnemonic issue.(Dkt.26 N.D.N.Y.)..

Davis, the artist, is very much like me, an artist, a performer, creating work and promoting it as best he can.

"When examining a work for copyrightable authorship, the U.S.Copyright Office will not consider the marketability or commercial success of the work...or the number of copies or phonorecords that have been made." (Compendium 3d §310.10).

The Compendium's §313.4(B) Deminimis example is:"A musical phrase consisting of three notes." This section of the Compendium cites the U.S. Supreme Court: "copyright protects only those constituent elements of a work that posess more than a de minimis quantum of creativity," (Feist, 499 U.S. at 363).

The Feist case involves the copying of a phone book directory. I refer to it to compare along with originality. Judge Yanwich in Hirsch v. Paramount Pictures 17F. Supp. 816 (S.D.Cal.1937) in which he writes:

"...as Judge Hand has stated, Fred Fisher, Inc.,v. Dillingham (D.C.N.Y.1924)F.145, a musical composition is original if it is "the spontaneous, unsuggested result of the author's imagination."

Regarding Judge Nardacci's Judgement with prejudice and without leave to ammend in my case, Cates v. Schlemovitz (N.D.N.Y) Dkt.56. I cite Arnstein v. Porter, 154 F. 2d 464 (2nd Cir.1946)'s ruling for Plaintiff.

(34)"That one reasonably may surmise that the plaintiff is unlikely to prevail upon a trial, is not a sufficient basis for refusing him his day in court with respect to issues which are not shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them" Sprague v. Vogt, 8 Cir.,150 F. 2d 795, 799, 801.".

(22)" It would, accordingly, be proper to exclude tone-deaf persons from the jury, cf, Chatterton v.Cave, 3 A.C. 483, 499-501, 502-504."

Lastly, my original manuscript "She Loves HerJob" (Exhibit "A", Dkts.1,43, N.D.N.Y.), affixed with the copyright symbol dated 1982 and registered in 1983 as a work of the Performing Arts, is protected by Law. The Law states: "A work is "created" when it is fixed in a copy or phonorecord for the first time:". Title 17 U.S.C. Copyrights § 101 Definitions.

My manuscript uniquely places the five-note Subject Work as the catch point, after the instrumental 4 bar intro-duction. It is notated with repeat signs, and I have been playing it in my live performances for a hundred thousand and more listeners to this day as dictated by the living document it is.

**CONCLUSION**

I therefore respectfully ask this Court reverse the judgment of the district court with a finding of fact in my favor the appellant. In the alternative the court should remand the case for a fair and impartial trial before an unprejuudiced jury on proper evidence and under correct instructions as is just and proper.

Respectfully submitted,

Cameron Cates,
On my own behalf
Plaintiff-Appellant

## CERTIFICATE OF COMPLIANCE

I, Cameron Cates, certify that this brief contains 3,500 words or less.

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

_____

CATES

v.

SCHLEMOVITZ

_____

**CERTIFICATE OF SERVICE***

Docket Number: ___23-7501___

I,___Cameron Cates_____, hereby certify under penalty of perjury that
____January 13, 2024_____, I served a copy of ___Appelate Brief_____
(print name)
on _____, I served a copy of _____
(date)

_____
(list all documents)

by (select all applicable)**

___ Personal Delivery      xx United States Mail      ___ Federal Express or other
                                                          Overnight Courier

___ Commercial Carrier      ___ E-Mail (on consent)

on the following parties:

| Jennifer Klausner | D&G LLP | 1675 Bdwy. | New York | NY | 10019 |
|---|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| Ronald Giller | Gordon Reese | 18 Columbia Tpk. | Florham Park | NJ | |
| Name | Address | City | State | Zip Code 07932 |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or
proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously
filed.

**If different methods of service have been used on different parties, please complete a separate
certificate of service for each party.

_January 13, 2024_____
Today's Date

_____
Signature

Page 16

Certificate of Service Form (Last Revised 12/2015)

PRESS FIRMLY TO SEAL




how2recycle.info
PAPER POUCH

PRESS FIRMLY TO SEAL


UNITED STATES POSTAL SERVICE

10007

JAN 13, 2024

**$28.75**

RDC 07

R2304W119810-88

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE
RATE ■ ANY WEIGHT

schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP


PS10001000006

EP13F October 2023
OD: 12 1/2 x 9 1/2



---

UNITED STATES POSTAL SERVICE®

**PRIORITY MAIL EXPRESS®**

EI 685 901 446 US

### CUSTOMER USE ONLY

FROM: (PLEASE PRINT)     PHONE ( )

Ci Cafes
290 Humphrey Rd.
S. New Berlin NY 13843

### DELIVERY OPTIONS (Customer Use Only)
☐ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)*
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)     PHONE ( )

U.S. Court of Appeals
for the 2nd Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square   N.Y NY.
ZIP + 4® (U.S. ADDRESSES ONLY)   10007

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

◄ **PEEL FROM THIS CORNER**

### PAYMENT BY ACCOUNT (if applicable)
USPS® Corporate Acct. No. | Federal Agency Acct. No. or Postal Service™ Acct. No.

### ORIGIN (POSTAL SERVICE USE ONLY)

| ☒ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |
|---|---|---|---|

| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage |
|---|---|---|
| 13815 | 01/16/24 | $ 28.75 |

| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee |
|---|---|---|---|
| 01/13/24 | ☐ 3:00 PM | $ | $ |

| Time Accepted | | Return Receipt Fee | Live Animal Transportation Fee |
|---|---|---|---|
| 10:49 ☒ AM ☐ PM | | $ | $ |

| Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees |
|---|---|---|
| $ | $ | 28.75 |

| Weight | Flat Rate | Acceptance Employee Initials |
|---|---|---|
| lbs. oz. | ☒ | |

### DELIVERY (POSTAL SERVICE USE ONLY)

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |
| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
| | ☐ AM ☐ PM | |

LABEL 11-B, MAY 2021   PSN 7690-02-000-9996





UNITED STATES POSTAL SERVICE®

how2recycle.info
PAPER POUCH

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments.